HENRY J. FAUST, *Appellant,* In the Matter of the Application of ALBINA M. WILLIAMS, CAROLINA M. KIMBALL, and Others, for a Deed to a Portion of a City Lot, Under the "Townsite Act," *Respondents.*

Application for a Deed under the "Townsite Act" can be Amended.— An applicant for a deed under the "Townsite Act" has the right to amend his application, so as to change the number of the lot applied for. Such amendment, although more than one year after the first publication of the notice as provided for in said Act, is within time.

Order Refusing to Dismiss Appeal Not Appealable.—No appeal lies from an order allowing an amendment to a pleading. Neither does an appeal lie from an order of the District Court refusing to dismiss an appeal from the Probate Court.

Appeal from the Third District Court.

The facts are stated in the opinion of the Court.

*Williams, Young & Sheeks,* for Appellant.

*McCurdy & Morgan,* and *Robertson & McBride,* for Respondents.

Emerson, J,, delivered the opinion of the Court.

The Respondents filed an application in the Probate Court, under what is known as the "Townsite Act," for a deed to a portion of a lot in the City of Salt Lake. Upon the hearing in the Probate Court, the Respondents discovered that there was a clerical error in ther application, in the number of the block, in which the property they actually applied for is situated. They then filed an affidavit showing that the number of the block should have been stated as 57, and that by error it was put down as 37. They thereupon moved to amend their application in this regard.

Appellant, who was an applicant for a deed to the land which would be included in the description in the amended complaint, resisted this motion to amend, and it was denied by the Probate Court. It is stipulated in the record that this motion to amend was made more

than one year from the first publication of the notice required by said Act.

The Respondent appealed from the Probate Court to the Third District Court.

The Appellant in this Court moved the District Court to dismiss the appeal from the Probate Court. The motion was denied, and the Respondents were allowed to amend their application so as to correct the error as to the number of the block. From these orders Faust appeals to this Court.

The action of the District Court in refusing to dismiss the appeal from the Probate Court was correct. The result of the determation in that Court was a final determation of the rights of the Respondents, and virtually drove them out of Court. If they had allowed the matter to proceed to a final award of the property, there would have been ground for claiming that they had no right to an appeal, and that they were entire strangers to the proceedings so far as awarding property on block 57 was concerned. The application to amend was so fair, reasonable and just, that under the showing it should have been granted without hesitation. And it does not matter, that when the motion was made, more than one year had elapsed since the first publication of the notice, as provided in the "Townsite Act." The application was filed in time, and the granting of the motion to correct the error would have been in no sense like the filing of a new application. Allowing the amendment, would not take the application out of the limitation of the Statute.

The order of the Court, granting the Respondent's motion to amend their application, was no such final determination of the Appellant's rights, as to give him a right to appeal from it. It was a mere interlocutory order made in the *progress* of the case, and therefore not appealable. This is also true of the order on the motion to dismiss the appeal from the Probate Court, but we have thought it best to express our views upon the points raised by that motion, as we might thereby prevent the necessity for another appeal to this Court.

The appeal is dismissed, and the cause is remanded to the Third District Court.

McKEAN, C. J., concurred.

BOREMAN, J., concurred.